IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KAREEM-ALI MUHAMMAD;

,Plaintiff.

Case No.: **ELH12CV0964**

-v-

FINANCIAL RECOVERY SERVICES,INC (herein "FRS")
BRIAN BOWERS ("PRESIDENT")
BRADLEY J BOWERS ("CEO")
(JOHN DOE 1 - 10) , ET AL

FILED _____ ENTERED
LODGED _____ RECEIVED

MAR 28 2012

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Defendant(s)

## COMPLAINT AND DEMAND FOR JURY TRIAL

(Violations of the Fair Debt Collections Practices Act)

Plaintiff, Kareem-Ali Muhammad hereby sues Defendant(s); FINANCIAL RECOVERY SERVICES, INC (herein "FRS"); BRIAN BOWERS ("PRESIDENT"); BRADLEY J BOWERS ("CEO") JOHN DOE (1 - 10) and alleges:

## PRELIMINARY STATEMENT

This is an action for damages brought for damages for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692 – 1692(p)

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is conferred by § 1332 et seq, the private right of action statue of the Fair Debt Practices Act ("FDCPA")

2. Venue is proper in this District pursuant to 28 U.S.C. §1391.

3. This is an action for damages which do not exceed $10,000.00.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

4. Plaintiff, **Kareem-Ali Muhammad**, is a natural person and is a resident of the State of Maryland.

5. Defendant, FINANCIAL RECOVERY SERVICES, INC is a Maryland Corporation, authorized to do business in Maryland, authorized as a debt collector.

6. Defendant, BRIAN BOWERS ("PRESIDENT"); is a natural person, unauthorized to do business in Maryland as a debt collector, being sued in his/her private capacity.

7. Defendant, BRADLEY J BOWERS ("CEO"); is a natural person, unauthorized to do business in Maryland as a debt collector, being sued in his/her private capacity.

## FACTUAL ALLEGATIONS

8. On 01/2011 and 02/2012, Defendant(s) willfully accessed my credit report without permissible purpose.

9. On 08/15/2011, mailed via United States Postal Service to Defendants correspondence to defendant's address disputing the non-existent debt and to stop calling.

10. On September 7th 2011, Plaintiff spoke to FRS and demanded for them to cease and desist calling his telephone number 404-587-4382.

11. Defendants, FRS continued to call in September and November of 2011.

12. On 01/29/2012, Plaintiff sent a letter via United State Postal Service certified mail, 7011 0470 000 1008 3420, disputing the non-existent debt.

50  13. On 02/14/2012, Defendant's sent another letter attempting to collect a debt with
51  Plaintiff's certified letter attached.
52  14. The letter from Defendant's on 02/14/2012 stated "We are returning the attached
53  payment or correspondence because we are unable to locate the account on our
54  system…".
55  15. The letter from Defendants on 02/14/2012, stated "If you have any questions or
56  comments, please contact us…"
57  16. The same letter from Defendants ended his letter "This is an attempt to collect a
58  debt. Any Information obtained will be used for that purpose. This communication is
59  from a debt collector."
60  17. On 02/19/2012, Plaintiff filed a complaint with the **Better Business Bureau**
61  Complaint Case# 57222205.
62  18. On 02/20/2012, Defendants letter stated that Plaintiff had an "alleged" account and
63  stating that communication is from a debt collection company. Admitting to attempt to
64  collect a non-existent debt.
65  19. When Plaintiff called to speak with Brian Bowers, He yelled at Plaintiff and stated
66  that he is going to call the Police to arrest me.
67  20. On 02/22/2012, Plaintiff responded via fax disputing defendants claim to attempt to
68  collect a debt.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

21. On 03/07/2012, Plaintiff sent a complaint to the **Secretary of State** and **Maryland Financial Regulations**.

22. On 03/07/2012, **Better Business Bureau** stated that Plaintiff's complaint against defendants, Financial Recovery Services "Your case will be reported in the company's business review for other consumers to be aware of. It will remain on their record for 36 months."

23. Defendant(s) failed to show validation of the obligation to pay defendants within 30 days.

24. Defendant(s) failed to provide plaintiff's authorized signature that says she has an contractual obligation to pay defendants.

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT(FDCPA), U.S.C. 15 § 1692, WILLFUL NON-COMPLIANCE BY DEFENDANT, FINANCIAL RECOVERY SERVICES, INC (herein "FRS"); BRIAN BOWERS ("PRESIDENT"); BRADLEY J BOWERS ("CEO")

25. Paragraphs 1 through 21 are realleged as though fully set forth herein.

26. Plaintiff is a consumer within the meaning of the § 1692 a(3) Definition of a Consumer as any natural person obligated on or allegedly obligated on a debt.

88  27. FINANCIAL RECOVERY SERVICES, INC (herein "FRS"); BRIAN BOWERS
89  ("PRESIDENT"); BRADLEY J BOWERS ("CEO") is by U.S.C. 15 § 1692 a(6) Definition
90  of a Debt Collector as collectors, collection agencies, lawyers, forms writers.
91  28. FINANCIAL RECOVERY SERVICES, INC (herein "FRS"); BRIAN BOWERS
92  ("PRESIDENT"); BRADLEY J BOWERS ("CEO") willfully violated the FDCPA.
93  Defendant's violations include, but are not limited to, the following:
94
95  a) FINANCIAL RECOVERY SERVICES, INC (herein "FRS"); BRIAN
96  BOWERS ("PRESIDENT"); BRADLEY J BOWERS ("CEO"), 15 U.S.C. §
97  1692 e(10) Any false representation or deceptive means to collect a debt or
98  obtain information about a consumer.
99  b) FINANCIAL RECOVERY SERVICES, INC (herein "FRS"); BRIAN
100  BOWERS ("PRESIDENT"); BRADLEY J BOWERS ("CEO"), 15 U.S.C. §
101  1692 b(2) Contact of Third Party: Stated that the consumer owes any debt,
102  c) Defendants used on two occasions, unfair means to collect a debt and
103  willfully violated 15 USC § 1692(d) Any unfair or unconscionable means to
104  collect or attempt to collect the alleged debt.
105  d) Defendants violated 15 U.S.C.§ 1692 e(10) Any false representation or
106  deceptive means to collect a debt or obtain information about a consumer.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

107  e) Defendants violated 15 U.S.C.§ 1692 e(11) Communication fail to contain
108  the mini-Miranda warning: "This is an attempt to collect a debt...
109  communication is from a debt collector."
110  f) Defendants was aware of the validation notice and willfully violated 15
111  U.S.C.§ 1692 g Failure to send the consumer a 30-day validation notice
112  within five days of the initial communication.
113  g) Defendants was aware of the validation notice and willfully violated U.S.C.
114  15 § 1692 b(2) Contact of Third Party: Stated that the consumer owes any
115  debt.
116  h) Defendants violated 15 U.S.C.§ 1692 d Any conduct the natural
117  consequence of which is to harass, oppress, or abuse any person.
118  i) Defendants violated 15 U.S.C.§1692 d(2) Profane language or other
119  abusive language?
120  j) Defendants violated 15 U.S.C
121  k) Defendants violated 15 U.S.C § 1692 e(5) Threaten to take any action that
122  cannot legally be taken or that is not intended to be taken.
123  l) Defendants violated 15 U.S.C § 1692 e(7) Consumer committed any crime
124  or other conduct in order to disgrace the consumer.

125   m) Defendants violated 15 U.S.C § 1692 e(8) Threatens or communicates false
126   credit information, including the failure to communicate that a debt is
127   disputed.
128   n) Defendants violated twice, 15 U.S.C § 1692 e(11) Communication fail to
129   contain the mini-Miranda warning: "This is an attempt to collect a debt...
130   communication is from a debt collector."
131   o) Defendants violated 15 U.S.C § 1692 f(8) Any language or symbol on the
132   envelope that indicates the communication concerns debt collection.
133   p) Defendants violated 15 U.S.C § 1692 g(a)(1) Must state Amount of Debt.
134   q) Defendants violated 15 U.S.C § 1692 g(B) Collector must cease collection
135   efforts until debt is validated.
136
137   Notice that if there is a mistake in any of the pleadings allow plaintiff amend to
138   WHEREFORE, Plaintiff demands judgment for damages against FINANCIAL RECOVERY
139   SERVICES, INC (herein "FRS"); BRIAN BOWERS ("PRESIDENT"); BRADLEY J
140   BOWERS ("CEO"); JOHN DOE (1 - 10) for actual or statutory damages, and punitive
141   damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k and any additional
142   damages above the honorable court deems proper.
143
144

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: 3/25/2012
Respectfully submitted,

Without prejudice,

*[signature]*

Kareem-Ali Muhammad, PRO SE
1615 E. Cold Spring Lane
Baltimore, MD 21218
404-587-4382
kareemali.muhammad@gmail.com